

# NUMBER 13-22-00470-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERT B. MARTINEZ,                                                **Appellant,**

**v.**

EMILIA CASTILLO MARTINEZ,                                    **Appellee.**

## On appeal from the 150th District Court
## of Bexar County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Justice Silva**

Appellant filed a notice of appeal on September 19, 2022.[1] On October 17, 2022, the Clerk of the Court notified appellant that it appears that there is no final, appealable

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

order and that he was delinquent in remitting a $205.00 filing fee. The Clerk of the Court further notified appellant that the appeal was subject to dismissal if the defect was not corrected, or the filing fee was not paid within ten days from the date of receipt of the Court's notice. *See* TEX. R. APP. P. 42.3(b), (c). On November 17, 2022, this notice was returned undeliverable and marked "unclaimed" and "unable to forward." On November 17, 2022, the Clerk of the Court sent a second notice of the defect and delinquency in remitting a filing fee. To date, the appellant has neither responded nor cured the defects in the notice of appeal. Additionally, appellant has failed to pay the filing fee.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, fax number, if any, and email address." *See* TEX. R. APP. P. 9.1(b). The clerk's office attempted to make contact with appellant via telephone, and the telephone number returned a "subscriber not in service message."

Furthermore, Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* 42.3(b), (c). Accordingly, we dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 42.3.

CLARISSA SILVA
Justice

Delivered and filed on the
2nd day of February, 2023.

2